**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruperto Bernave Deleon Salas,<br><br>    Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>    Respondents. | No. CV-18-04265-PHX-DJH<br><br>**ORDER** |

      Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) to which Respondents filed a Response (Doc. 12) and Petitioner filed a Reply (Doc. 13).  Following a thorough and comprehensive analysis, Magistrate Judge John Z. Boyle recommended denial of and dismissal with prejudice of the Petition.  (Doc. 14).  Petitioner filed timely Objections (Doc. 15), to which Respondents Replied (Doc. 16).

**I.**    **Background**

      Petitioner pled guilty and was convicted of two counts of child molestation and one count of attempted child molestation in Maricopa County Superior Court.  Pursuant to a plea agreement, he was sentenced to two 17.5-year terms of imprisonment, to be served consecutively, and a term of lifetime probation to commence upon completion of the prison sentences. Following his sentencing, Petitioner filed a notice of post-conviction relief and an attorney was appointed to represent him.  The court-appointed attorney subsequently filed a notice of completion of post-conviction review, concluding that he could find no

colorable claim to raise. Petitioner then filed a *pro per* PCR Petition, which he submitted with the assistance of another prisoner. The PCR dismissed that Petition on the grounds that it was an unauthorized practice of law under the Arizona Supreme Court rules for an unlicensed prisoner to represent another prisoner. Petitioner sought review of that dismissal. The Court of Appeals ultimately reversed the dismissal, reinstated Petitioner's PCR Petition, and ordered the State to respond. After the State filed its Response (Doc. 12-2 at Ex. W), Petitioner then filed a "Motion Requesting Remedy from an 'Illegal' Sentence with Extraordinary Circumstances; Which Would Require Remand and Resentence in Part." (Doc. 12-2, at Ex. X).

## II.     R&R

The R&R accurately identifies the four claims which the Petition raises: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) judicial misconduct; and (4) violation Article II of the Arizona Constitution guaranteeing "the right to appeal in all cases" to the defendant. (Doc. 14 at 5-6). The Magistrate Judge first found that Petitioner had failed to present Grounds One and Two to the Arizona Court of Appeals in his petition for review, and because Arizona's preclusion and time-bar rules would render a return to state court futile, he found them to be technically exhausted but procedurally defaulted. (*Id.* at 8). He next found that the basis of Ground Three had been dismissed as inappropriately-filed in a parallel appellate proceeding, and as such was unexhausted and procedurally defaulted. (*Id.*)  Finally, he found that Ground Four was unexhausted. (*Id.*) Resolving the claims as such, the Magistrate Judge concluded that Petitioner was not entitled to habeas corpus relief, and recommended denial of his Petition and dismissal with prejudice. The parties were advised by the Magistrate Judge that they had "fourteen (14) days from the date of service of a copy of [the R&R] within which to file *specific* written objections with the Court." (*Id.* at 9) (citing 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure) (emphasis added).

## III.    Standard of Review

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C.

§ 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989) (emphasis added); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R, [*Reyna–Tapia*,] 328 F.3d [at] 1121. . . ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct")[.]"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings [,]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)), as Magistrate Judge Boyle advised the parties herein. (Doc. 15) (citation omitted). Finally, "[a]lthough the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (citing *See*, *e.g.*, *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.' ")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988); *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

**IV.     Petitioner's Objections and Discussion**

Petitioner timely filed his objections, broadly asserting that his claims are unexhausted and defaulted through "no fault of his own." (Doc. 15 at 2). He first contends

that the State did not file a response to his PCR Petition after the Court of Appeals reinstated his Petition on remand, and thus the State, not Petitioner, is in default. (Doc. 15 at 7-8). This fact is belied by the record and this objection is summarily overruled. (*See* Doc. 12-2, Ex. W).

Relatedly, Petitioner also says that the PCR court never ruled on his "Motion Requesting Remedy From an 'Illegal' Sentence with Extraordinary Circumstances." (Doc. 15 at 8). He says Respondents and the Magistrate Judge improperly characterize this filing as his Reply to his PCR Petition, when he really "was making a submittal anew for post-conviction relief." (Doc. 15 at 8). He said he raised new issues in his "Motion Requesting Remedy From an 'Illegal' Sentence with Extraordinary Circumstances," including an additional ground of ineffective assistance of both trial and PCR counsel, to "ensure that the state courts…have the first opportunity to address alleged violations of a state prisoner's federal rights." (*Id.* at 9). Even assuming, as Petitioner suggests, that this filing could have been filed as a successive PCR Petition under Arizona law, and ignoring the fact that the trial court addressed and dismissed each of the new claims asserted in his "Motion Requesting Remedy From an 'Illegal' Sentence with Extraordinary Circumstances" (*see* Doc. 12-2, Ex. Y), Petitioner cannot establish that he fairly presented these issues for appellate review. Thus, the Arizona courts were not afforded "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although the record reflects that Petitioner filed a "two-page 'Notice for Filing Petition for Review in the Appeals Court'" with the PCR court (Doc. 12-3, Ex. HH at 6), and subsequently asked for and was granted an extension of time to file a "'Petition for Review' with [the Arizona Court of Appeals]" (Doc. 12-2, Ex. FF at 137), Petitioner did not in fact file a petition for review. Accordingly, on August 16, 2018, the Arizona Court of Appeals denied review. (Doc. 12-3, Ex. HH at 6). These claims are therefore unexhausted. As stated by the Magistrate Judge, and uncontroverted by Petitioner, Arizona's preclusion and time-bar rules would render a return to state court to exhaust these claims futile, and accordingly, they are "technically exhausted, but procedurally defaulted." (Doc. 14 at 8). This objection is thus also overruled.

**V.     Conclusion**

Accordingly,

**IT IS ORDERED** that Magistrate Judge Boyle's Report and Recommendation (Doc. 14) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 2nd day of April, 2021.

Honorable Diane J. Humetewa
United States District Judge